The plaintiff in error produced the affidavit of one Matlock, stating that he had delivered a written notice to the attorney, who obtained the judgment in the county court, that the executor intended moving for a writ of error at this term, the affidavit also stated that Murchie, the surviving partner, was an inhabitant of the State of Virginia; and the question reserved for the opinion of the Judges at their meeting at this term was, whether notice to the attorney who obtained the judgment complained of was sufficient notice to authorize the Court to grant the writ of error.
The Act of Assembly authorizing the Superior Courts to grant writs of error, to correct the errors of any inferior court, to prevent obtaining writs of error by surprise, requires "that the party (259) praying such a writ in a civil cause shall give notice in writing to the adverse party, at least ten days before motion of his intention to move for such writ; and no such writ shall be granted without affidavit of such notice." Vide Iredell's Rev., page 307, 74 sec., ch. 2, Act 1777.
We are of opinion that notice to the attorney-at-law who recovered the judgment complained of is sufficient notice to authorize the Superior Court of Law to grant the writ of error.
Writ of error allowed.